IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOY L. YOUNG, | * |
| Plaintiff, | * |
| v. | * |
| AT&T MOBILITY, LLC, formerly | * Civil Action No.: RDB 09-2292 |
| CINGULAR WIRELESS, LLC | |
| and ROSALIND BROWN, | * |
| Defendants. | * |
| | * |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Joy L. Young ("Young"), proceeding *pro se*, filed the instant complaint asserting a claim of disability discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). Defendants filed the instant Motion to Dismiss (Paper No. 9). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons set forth below, Defendants' motion is GRANTED.

## BACKGROUND

In ruling on a motion to dismiss, "[t]he factual allegations in the Plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

Joy Young formerly worked as a customer service representative for AT&T Mobility Services LLC ("AT&T"), a subsidiary of Defendant AT&T Mobility LLC (formerly Cingular Wireless LLC). According to her complaint, Young worked for AT&T in Fayetteville, North Carolina from August 2005 until she was discharged for poor attendance on September 19, 2007.

1

Complaint at 2-3; *see also* Affidavit of Mary Jane Hill ¶ 2 ("Hill Aff."). On August 27, 2009, Young filed this suit for disability discrimination, naming as defendants AT&T and Rosalind Brown ("Brown"), a Senior Consultant-EEO in AT&T's Human Resources Department. *See* Summons (Paper No. 4). In her complaint, Young appears to allege that AT&T discriminated against her in violation of the ADA by either terminating her because of her disability or failing to reasonably accommodate her disability that resulted in her termination. Compl. at 2-3. At the time Young filed her complaint she resided in Windsor Mill, Maryland. *Id.* ¶ 1. Young has since moved to Norcross, Georgia. *See* Notice of Change of Address (Paper No. 13).

## STANDARD OF REVIEW

Defendants seek to dismiss Plaintiff's action under Rule 12(b)(3) of the Federal Rules of Civil Procedure based on improper venue, and Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the FRCP authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, and a Rule 12(b)(6) motion therefore tests the legal sufficiency of a complaint. *Goldsboro*, 178 F.3d at 243.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

ANALYSIS

I. **Venue**

Defendants contend that Young's complaint should be dismissed under Rule 12(b)(3) because she has not established proper venue in Maryland. The rules governing venue for Title VII cases also govern venue for ADA actions. *Benton v. England*, 222 F. Supp. 2d 728, 730 (D. Md. 2002). Under the ADA, an action may be brought: "(1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." *See* 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 12117(a).

This Court is not the proper venue in which to bring this case. Young worked for AT&T in Fayetteville, North Carolina. Thus, Fayetteville, North Carolina is where "the unlawful employment practice is alleged to have been committed" and where Young "would have worked but for the alleged unlawful employment practice." Furthermore, Young's employment records are maintained in and administered from Fayetteville, North Carolina, not Maryland. *See* Hill Aff. ¶ 4. In her opposition brief, Young offers no explanation as to why venue is proper other than reiterating, without support, that "jurisdiction was proper in Maryland." Opp. at 6. As in *Benton*, "the only connection between the District of Maryland and this case seems to be the fact

that Plaintiff resides in Maryland." *Benton*, 222 F. Supp. at 731. A plaintiff's place of residence, however, is not one of the three options for venue provided for by 42 U.S.C. § 2000e-5(f)(3). Furthermore, if even a plaintiff's residence established venue, Young no longer lives in Maryland. *See* Paper No. 13. Accordingly, Maryland is not an appropriate venue for the claims that Plaintiff has brought under the ADA.

## II. Dismissal or Transfer

Where, as in this case, a plaintiff files suit in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer is left to the sound discretion of the trial court and should be determined on a case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). Furthermore, "in deciding a motion to dismiss [for improper venue], all inferences must be drawn in favor of the plaintiff." *Three M Enters., Inc. v. Tex. D.A.R. Enters., Inc.*, 368 F. Supp. 2d 450, 454 (D. Md. 2005). Thus, this Court must decide whether to dismiss this case for improper venue, or to transfer this case to the appropriate court in North Carolina.

As an initial matter, Young states in her opposition that she has "no objection to the court to send the case to the proper jurisdiction." Opp. at 6. This Court does not see any reason for transferring this case, however, since Young's complaint clearly fails to state a claim for disability discrimination or failure to accommodate under the ADA. To state a claim under either theory, a plaintiff must first "prove as a threshold matter that [s]he is disabled under the [ADA]." *Saunders v. Balt. County*, 163 F. Supp. 2d 564, 567 (D. Md. 2001) (citing *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 (4th Cir. 2001)). In a case like this one, a plaintiff must at minimum state how she is disabled and whether her disability is covered under the ADA.

*See, e.g., Mock v. Lockheed Martin Corp.*, 2009 U.S. Dist. LEXIS 94077, *13 (D. Md. Oct. 8, 2009). The only reference Young makes in her complaint to her disability is one statement that she has "disabling conditions." Compl. ¶ 6. Young's complaint does not provide any explanation as to what these disabling conditions are or how they are limiting.[1] Accordingly, this Court declines to transfer this case to another venue and instead dismisses Young's complaint without prejudice.

## CONCLUSION

For the reasons stated above, Defendants Motion to Dismiss (Paper No. 9) is GRANTED. A separate Order follows.

Dated: June 22, 2010

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge

---

[1] In her opposition brief, Young makes significantly more detailed allegations about what her disabilities are and how she is limited by them. Opp. at 5-7. Young has yet to amend her complaint. When confronted with new facts alleged for the first time in opposition papers, a court must confine its analysis to the facts presented in the complaint. *Love v. Smith*, 2005 U.S. Dist. LEXIS 9480, *2 n.1 (D. Md. May 17, 2005). Thus, the new allegations Young makes in her opposition do not affect this Court's analysis of her claims. Of course, even if Young did amend her complaint at this stage, venue remains improper.

5